# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

---

ANDRAY HALL,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Crim. Action No. 90-304 (SRC)

**OPINION & ORDER**

---

**CHESLER, U.S.D.J.**

This matter comes before the Court on the application by *pro se* Petitioner Andray Hall ("Hall") for relief pursuant to the writ of *audita querela*, 28 U.S.C. § 1651, and a motion filed by the United States of America ("the Government") to dismiss the application. For the reasons stated below, the Government's motion to dismiss will be granted.

On April 30, 1992, Hall was sentenced to 360 months' imprisonment. Hall appealed his conviction and sentence, which were affirmed by the Third Circuit on April 6, 1993. Hall filed a petition under § 2255, which the district court dismissed on April 18, 2000. Hall then petitioned the Third Circuit for authorization to file a second § 2255 petition, which was denied. In 2005, Hall applied to the district court for relief from his sentence pursuant to Federal Rule of Civil Procedure 60(b), which was denied.

On January 30, 2009, Hall filed a one-page letter application seeking a reduction in his sentence pursuant to a writ of *audita querela*. Hall contends that he was deprived of constitutional rights at sentencing. The Government has moved to dismiss Hall's application on

a number of grounds.

Having reviewed the submissions of the parties, this Court concludes that, under the circumstances of this case, the relief Hall seeks by way of a writ of *audita querela* is unavailable to him. Although the Third Circuit has not decided any precedential *audita querela* cases, it has discussed the writ in a series of nonprecedential opinions, one of which is Muirhead v. AG of the United States, 262 F. App'x. 473, 474 (3d Cir. 2008), in which the Court stated:

> Several courts of appeals have concluded that the All Writs Act, 28 U.S.C. § 1651, grants courts authority to order audita querela relief in exceptional circumstances. However, the writ is available only where the petitioner raises a (1) valid legal objection; (2) to a judgment that arises after that judgment is entered; and (3) that is not redressable by some other means.

Hall's application does not meet the second and third requirements. Hall has not raised any legal objection that arose after the judgment was entered, and the issues he has raised were redressable by another means, a § 2255 petition.

The Third Circuit recently decided a case very similar to the present one in United States v. Jefferson, 2009 WL 1452048 (3d Cir. May 26, 2009). In Jefferson, the petitioner had appealed his sentence, unsuccessfully pursued a § 2255 petition, and then sought relief from his sentence by way of a writ of *audita querela*. Affirming the district court's decision to deny relief, the Court stated:

> [Petitioner's] lack of success in a previous § 2255 motion, however, does not render § 2255 inadequate or ineffective to challenge that portion of his sentence. Thus, [Petitioner] may not use the writ of audita querela to circumvent AEDPA's gatekeeping requirements.

Id. at *1 (citation omitted).

Similarly, in the instant case, this Court finds that Hall seeks to use the writ of *audita querela* to circumvent AEDPA's gatekeeping requirements. The relief Hall seeks is unavailable

to him. The Government's motion to dismiss will be granted.

For these reasons,

**IT IS** on this 20th day of August, 2009,

**ORDERED** that the Government's motion to dismiss Petitioner's application (Docket Entry No. 46) is **GRANTED,** and Petitioner's application for relief pursuant to the writ of *audita querela*, 28 U.S.C. § 1651, is **DISMISSED**.

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge